**Fu Min LEN, Also Known as Yun Ming Lin, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 03–40484–AG NAC.

United States Court of Appeals, Second Circuit.

Nov. 7, 2005.

Karen Jaffe, New York, NY, for Petitioner.

Melaine A. Williams, Assistant United States Attorney, David E. Nahmias, United States Attorney, Atlanta, GA, for Respondent.

Present: MINER, SACK, and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION** of this petition for review of the order of the

1. Pursuant to Fed. R.App. P. 43(c)(2), Alberto R. Gonzales, Attorney General, has been substituted for John Ashcroft, former Attorney General.

Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED** and the BIA's decision is **AFFIRMED.** The pending motion for a stay of removal is **DENIED.**

Fu Min Len petitions for review of the BIA's decision denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

"The ... Attorney General may grant asylum to an alien who has applied for asylum ... if ... the Attorney General determines that such alien is a refugee within the meaning of [8 U.S.C. § ]1101(a)(42)(A)[ ]." 8 U.S.C. § 1158(b)(1)(A). A "refugee" is a person who is unable or unwilling to return to his native country because of "persecution or a well-founded fear of persecution on account of ... membership in a particular social group[ ] or political opinion." 8 U.S.C. § 1101(a)(42)(A). "If an applicant establishes that he has suffered past persecution, he shall be presumed to have a well-founded fear of future persecution on the basis of the same claim." *Chen v. INS,* 359 F.3d 121, 126—27 (2d Cir.2004). The presumption may be rebutted by a showing that the conditions in the applicant's country have changed, such that the danger no longer exists. *Id.* at 127. With respect to future persecution, the alien must "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). The Attorney General must grant withholding of removal where it is more likely than not that a petitioner's life or freedom would be threatened based on his membership in a particular social group or political opinion. *Id.* Under the CAT, an applicant must prove it is "more likely than not" he will be tortured if removed the proposed country. *See* 8 C.F.R. § 208.16(c)(2). This Court reviews an Immigration Judge's ("IJ") factual findings under the substantial evidence standard. *See Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003). "Under this standard, a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Id.* at 307 (internal quotation marks omitted).

Here, the IJ's adverse credibility finding was supported by substantial evidence, and, thus, we will not reach the IJ's additional determination that Lin did not meet the standard for asylum and withholding of removal. As noted by the IJ, Lin provided conflicting dates with respect to his mother's alleged detention, was able to leave China with his own passport, despite his assertion that the police were looking for him, and set forth an implausible story, insofar as he contended that local officials and police raided the park the very same day he resumed practicing Falun Gong in public. Finally, as determined by the IJ, Lin did not establish that it was more likely than not that he would be tortured upon his return to China.

For the foregoing reasons, the petition for review is DENIED, the BIA's decision is AFFIRMED, and the pending motion for a stay of removal is DENIED.